UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSE HERNANDEZ PINEDA, *et al.*,
                       Plaintiffs,

                   16-CV-1155 (JPO)

-v-

OPINION AND ORDER

TOKANA CAFE BAR RESTORANT INC., *et al.*,
                       Defendants.
-----------------------------------------------------------X

J. PAUL OETKEN, District Judge:

      Plaintiffs Jose Hernandez Pineda, Moises Luna Rodriguez, and Natalio Pastor Cristobal allege that Defendants failed to pay their minimum and overtime wages, violating both the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL). Plaintiffs have served all Defendants[1]; Defendants have not answered the complaint or otherwise appeared in this action and certificates of default have been filed as to each Defendant. (Dkt. Nos. 14-16, 21, 31-34.) Plaintiffs now move for default judgment in the amount of $131,826.28. (Dkt. No. 42.) For the reasons that follow, the motion is granted.

**I.    Background**

      Defendants operate a full-service restaurant doing business as Little Rascal and located at 163 Elizabeth Street, New York, New York. (Dkt. No. 1 ¶ 16.) Defendants Atilgan, Feyzioglu, and Gundogdu owned and controlled Little Rascal and had the power to set the wages and hours of its employees. (*Id.* ¶¶ 17-25.) Plaintiffs allege that they were employed by Little Rascal to work as cooks, dishwashers, cleaners, and deliverymen in 2014 and 2015. (*Id.* ¶¶ 27-28, 32-33,

---

[1] "Defendants" refers to Tokana Cafe Bar Restorant Inc., Murat Atilgan, Fuat Feyzioglu, and Halil Gundogdu.

37-38.) They allege that they each worked over eighty hours per week, and a spread of hours greater than ten approximately six days per week. (Dkt. No. 43 at 7.)

Plaintiffs claim that Little Rascal never paid them overtime for the hours they worked over forty hours per week, and never paid spread-of-hours compensation. (Dkt. No. 1 ¶¶ 42-43.) They also claim that Little Rascal did not pay Plaintiff Pastor Cristobal for the one hour per week when he purchased groceries for the restaurant. (*Id.* ¶ 44.) And Little Rascal never provided Plaintiffs with a notice and acknowledgment at the time of hiring or statements of their payment of wages at the time of payment. (*Id.* ¶¶ 45-46.)

Plaintiffs provide calculations of the amount owed. For Plaintiff Hernandez Pineda, this amounts to $11,665.36 in overtime and $1,671.43 in spread-of-hours pay. (Dkt. No. 43 at 9.) For Plaintiff Luna Rodriguez, this amounts to $9,200.00 in overtime and $2415.00 in spread-of-hours pay. (*Id.*) And for Plaintiff Pastor Cristobal, this amounts to $11,665.36 in overtime, $2,737.71 in spread-of-hours pay, and $524.29 in unpaid wages (for the grocery shopping). (*Id.* at 10.) The overtime figures are calculated by multiplying an average number of overtime hours per week by the number of weeks work by the overtime pay-rate; the spread-of-hours figures are calculated by multiplying the days per week with spread greater than ten hours by the applicable minimum wage by the number of weeks. (*Id.* at 9-10.)

## II.    Discussion

### A.    Standard of Review

Because Defendants have failed to answer the complaint, they have conceded Plaintiffs' well-pleaded allegations of liability. Fed. R. Civ. P. 8(b)(6); *S.E.C. v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013). But because a party in default does not admit conclusions of law, the Court must determine whether those allegations establish a sound legal basis for liability. *Jemine v. Dennis*, 901 F. Supp. 2d 365, 373 (E.D.N.Y. 2012) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). Moreover, to secure a default judgment for damages, the plaintiff

2

must produce evidence sufficient to establish damages with "reasonable certainty." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 235 (2d Cir. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (internal quotation marks omitted)). District courts have "much discretion" to determine whether to hold an inquest on damages; an inquest is not mandatory, and a plaintiff's damages may be established by "detailed affidavits and documentary evidence." *Id.* at 234 (quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

### B. Allegations in Support of Liability

To state a FLSA minimum wage claim, a plaintiff must allege that she was the defendant's employee, that her work involved intestate activity, and that she worked hours for which she did not receive minimum and/or overtime wages. *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007); *see also Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) ("[T]o survive a motion to dismiss [a FLSA overtime claim], Plaintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours.").[2]

First, the Court finds that Plaintiffs are employees for FLSA purposes. *See Irizarry v. Catsimatidis*, 722 F.3d 99, 104–05 (2d Cir. 2013) (explaining that courts look to the "economic reality" of a working relationship to determine employee status for FLSA purposes); *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058–59 (2d Cir. 1988) (listing factors relevant to the analysis). Their work in Defendants' restaurant was fully controlled by Defendants; Plaintiffs were not working independently. (Dkt. No. 1 ¶¶ 26-38.) Moreover, all Defendants were employers of Plaintiffs, as they had supervision and control over their work and their payment,

---

[2] Courts apply the same analysis for FLSA and NYLL wage and hour violations, except that the NYLL does not require plaintiffs to show a nexus with interstate commerce or a minimum amount of annual sales. *Alvarez v. Michael Anthony George Const. Corp.*, 15 F. Supp. 3d 285, 291 (E.D.N.Y. 2014) (citing *Chun Jie Yin v. Kim*, No. 07 Civ. 1236, 2008 WL 906376, *4 (E.D.N.Y. Apr. 1, 2008)).

and had the power to hire and fire them.  *See Irizarry*, 722 F.3d at 103–04 (defining employers for FLSA purposes).

Second, an employee is covered by FLSA if she is "employed in an enterprise engaged in commerce or in the production of goods for commerce."  29 U.S.C. §§ 206, 207(a)(1).  "Commerce" is defined as "commerce . . . between any State and any place outside thereof."  29 U.S.C. § 203(b).  Plaintiffs here have alleged that Little Rascal is an enterprise engaged in commerce, therefore their work is covered by the FLSA.  (Dkt. No. 1 ¶ 51.)

Third, Plaintiffs must allege that they did not receive minimum and overtime wages.  To state a FLSA minimum wage claim, it is sufficient for a plaintiff to allege facts about her salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period.  *Zhong*, 498 F. Supp. 2d at 629.  Likewise, to state a FLSA overtime claim, a plaintiff must allege only that she worked compensable overtime in a workweek longer than forty hours, and that she was not properly compensated for that overtime.  *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) ("To plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week.").  Plaintiffs allege that they worked a regular schedule of over eighty hours per week—84.5 hours for Hernandez Pineda, 80 hours for Luna Rodriguez, and 84.5 hours for Pastor Cristobal.  (Dkt. No. 43 at 9-10.)  Plaintiffs also allege that they are due spread-of-hours pay under and unpaid wages (for Pastor Cristobal) under NYLL.  These allegations are sufficient to state a claim for failure to pay minimum and overtime wages in violation of FLSA and the NYLL.

Plaintiffs further allege that they did not receive written notice of the rate of pay, regular pay day, and other information as required by NYLL § 195(1)(a), nor did they receive any pay stubs, as required by NYLL § 195(3).  (Dkt. No. 1 ¶¶ 69-74.)

### C. Evidence in Support of Damages

Plaintiffs seek overtime wages under the FLSA and NYLL, spread-of-hours pay under NYLL, unpaid wages for hours worked, liquidated damages for wage and hour violations under both the NYLL and FLSA, statutory damages for failure to give written wage notices and pay stubs under the NYLL, prejudgment interest, and an automatic increase of judgment if Defendants fail to pay under NYLL.

#### 1. Overtime, Spread-of-Hours, and Unpaid Wages

Both the FLSA and NYLL require an employer to pay employees at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. §§ 207(a)(1); 215(a)(2); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4. As discussed above, Plaintiffs here have adduced sufficient evidence to show that for overtime pay, Mr. Hernandez Pineda is owed $6,589.29, Mr. Luna Rodriguez is owed $9,200.00, and Mr. Pastor Cristobal is owed $11,665.36. (Dkt. No. 43 at 11.)

NYLL requires employers to pay an employee who works a spread of hours in excess of ten an additional hour at the minimum wage rate. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.5. As discussed above, Plaintiffs here have adduced sufficient evidence to show that for spread-of-hours pay, Mr. Hernandez Pineda is owed $1,671.43, Mr. Luna Rodriguez is owed $2,415.00, and Mr. Pastor Cristobal is owed $2,737.71. (Dkt. No. 43 at 11.)

Finally, NYLL requires an employer to pay their employees' wages in a timely fashion. NYLL §§ 191(1)(a)(i); 198(1-a). Plaintiffs have adduced sufficient evidence to show that Mr. Pastor Cristobal is owed $524.29 in unpaid wages. (Dkt. No. 43 at 12.)

#### 2. Liquidated Damages

The FLSA provides for liquidated damages in the amount of unpaid wages. 29 U.S.C. § 216(b); *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 592 (S.D.N.Y. 2012). Liquidated damages under FLSA are mandatory absent a defense of reasonableness and good faith by the employer.

29 U.S.C. § 260; *Gurung*, 851 F. Supp. 2d at 592.  Defendants that fail to respond to a motion for default judgment obviously fail to carry this burden.  *Jaramillo v. Banana King Rest. Corp.*, No. 12 Civ. 5649, 2014 WL 2993450, *5 (E.D.N.Y. July 2, 2014) (quoting *Castellanos v. Deli Casagrande Corp.*, No. 11 Civ. 0245, 2013 WL 1207058, *6 (E.D.N.Y. Mar. 7, 2013)).

The NYLL also allows liquidated damages.  NYLL § 198 (1-a).  As with the FLSA, liquidated damages are for the full amount of damages absent a good-faith defense.  *Id.*  As is the case under FLSA, a defaulting defendant cannot carry this burden.  *Jaramillo*, 2014 WL 2993450, at *5 (citting *Castellanos*, 2013 WL 1207058, at *6).  Courts in the Second Circuit generally hold that liquidated damages should be awarded simultaneously under FLSA and NYLL.  *See Jaramillo*, 2014 WL 2993450, at *6 (collecting cases).  This is because liquidated damages under FLSA are compensatory, *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 583 (1942), while liquidated damages under the NYLL are punitive, *Reilly v. Natwest Mkts. Grp., Inc.*, 181 F.3d 253, 265 (2d Cir. 1999) (citing *Carter v. Frito-Lay, Inc.*, 74 A.D.2d 550 (1st Dep't 1980), *aff'd*, 52 N.Y.2d 994 (1981)); *see generally Yu Yee Ho v. Sim Enterps., Inc.*, No. 11 Civ. 2855, 2014 WL 1998237, *18 (S.D.N.Y. May 14, 2014) (collecting cases).

Plaintiffs have shown that they are owed overtime pay, spread-of-hours pay, and unpaid wages.  Defendants have not responded to this motion for default judgment.  Plaintiffs are therefore entitled to FLSA and NYLL liquidated damages.  Plaintiffs adequately calculate the amount of liquidated damages due at $14,850.00 for Plaintiff Hernandez Pineda, $20,815 for Plaintiff Luna Rodriguez, and $26,592.71 for Plaintiff Pastor Cristobal.  (Dkt. No. 43 at 13-14.)

   **3.**  **Statutory Penalties**

NYLL requires employers to provide each employee with a notice of her rate of pay at the time of hiring.  NYLL § 195(1)(a).  A plaintiff may recover fifty dollars for each work week during which the employer continually failed to give this notice, up to a maximum of $2,500.00 until February 26, 2015; and fifty dollars per workday up to a maximum of $5,000.00 thereafter.

*Id.* § 198(1-b). The NYLL also requires employers to give each employee a pay stub with each paycheck. *Id.* § 195(3). A plaintiff may recover one hundred dollars for each work week during which the employer failed to provide a pay stub, up to a maximum of $2,500.00, until February 26, 2015; and two hundred and fifty dollars per workday up to a maximum of $5,000.00 thereafter. *Id.* § 198(1-d).

Plaintiffs worked for Defendants for between forty-six weeks (Plaintiff Luna Rodriguez) and fifty-two weeks (Plaintiffs Hernandez Pineda and Pastor Cristobal). This entitles each to the maximum statutory damages of $10,000.00 each.

### 4. Prejudgment Interest

Prejudgment interest may be awarded in addition to liquidated damages under NYLL but not under the FLSA. *See Reilly*, 181 F.3d at 265; *Brock*, 840 F.2d at 1064. New York's statutory prejudgment interest rate is nine percent. N.Y. C.P.L.R. § 5004. Where the plaintiff's damages were incurred at various times, interest may be computed from a "single reasonable intermediate date" between the dates that the plaintiff started and stopped incurring damages. N.Y. C.P.L.R. § 5001(b). In wage and hour cases, courts often choose the midpoint of the plaintiff's employment within the limitations period. *See Yuquilema v. Manhattan's Hero Corp.*, No. 13 Civ. 461, 2014 WL 4207106, at *12 (S.D.N.Y. Aug. 20, 2014) (quoting *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 93 (E.D.N.Y. 2012) (collecting cases)).

Excluding FLSA liquidated damages, Plaintiff Hernandez Pineda is entitled to $26,521.42 under NYLL. Hernandez Pineda is entitled to statutory prejudgment interest on this amount from the midpoint of employment, March 28, 2015.

Excluding FLSA liquidated damages, Plaintiff Luna Rodriguez is entitled to $33,230.00 under NYLL. Luna Rodriguez is entitled to statutory prejudgment interest on this amount from the midpoint of employment, July 4, 2015.

Excluding FLSA liquidated damages, Plaintiff Pastor Cristobal is entitled to $39,860.43 under NYLL.  Luna Rodriguez is entitled to statutory prejudgment interest on this amount from the midpoint of employment, June 1, 2015.

### III.    Conclusion

The motion for default judgment is GRANTED.  Default judgment is hereby entered against Defendants in the total amount of $127,066.50 plus prejudgment interest.

The Clerk of Court is directed to close the motion at Docket Number 42.

SO ORDERED.

Dated:  New York, New York
        March 30, 2017

_____
J. PAUL OETKEN
United States District Judge